## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAYLYNN REHBERGER,                              )
individually and on behalf of all               )
others similarly situated,                      )
                                                )    **Case No.  3:15-cv-609**
        **Plaintiff,**                          )
v.                                              )    **JURY TRIAL DEMANDED**
                                                )
YAHOO, INC., a Delaware Corporation,            )
                                                )
        **Defendant.**

## CLASS ACTION COMPLAINT

Plaintiff Kaylynn Rehberger, individually, and on behalf of all others similarly situated,

brings this action for injunctive relief against Defendant Yahoo, Inc. ("Yahoo"), and states as

follows:

## NATURE OF THE ACTION

1.      This action arises out of Yahoo's surreptitious, intentional and willful interception

and scanning of electronic mail communications sent between its Yahoo Mail users and non-

Yahoo Mail users, and Yahoo's subsequent disclosure of the intercepted content without the

consent of all parties to the communication, in violation of Illinois' Eavesdropping statute, 720

ILCS 5/14-1 *et seq.*

2.      Yahoo contends that when a new user creates a Yahoo Mail account, a contract is

formed between the new user and Yahoo.  Yahoo claims the right, under the terms of its

purported contract with Yahoo users, "to scan and analyze all incoming and outgoing

communications sent and received from [the user's] account."  Yahoo also claims the right to

collect, store, and disclose the date it retrieves from the emails.

3.      Plaintiff is an individual who has sent emails to and received emails from users of

Yahoo's mail service, known as Yahoo Mail.  Plaintiff is not a Yahoo Mail user and not a party

to the purported contract between Yahoo and Yahoo Mail users.  Plaintiff has not consented to

Yahoo's interception and disclosure of the content of his emails, and has sent and received email

to and from Yahoo Mail users without knowledge that Yahoo intercepted and disclosed the

information contained therein.

4.       Yahoo has intercepted and disclosed the contents of Plaintiff's emails in the past

and, unless restrained, will continue to do so if he corresponds with Yahoo Mail users, without

regard to whether or not Plaintiff has given his consent as required by law.

5.       Because Yahoo fails to secure consent from all parties to the email

communications prior to intercepting them, Yahoo has violated, and continues to violate, the

Illinois Eavesdropping statute, 720 ILCS 5/14-1, *et seq.*, which allows for injunctive relief

prohibiting further eavesdropping.

## THE PARTIES

6.       Plaintiff is a citizen of the state of Illinois residing in Highland, Illinois.  Plaintiff

maintains a non-Yahoo email address.  On numerous occasions during the proposed class period,

Plaintiff sent emails to users of Yahoo Mail from her non-Yahoo email address, and, upon

information and belief, Yahoo intercepted the emails and scanned them for content.  Plaintiff did

not consent to the interception.

7.       Defendant Yahoo, Inc., is a publicly traded Delaware corporation doing business

throughout Illinois and the United States and is a citizen of Delaware and California, having its

principal place of business in California.

## JURISDICTION AND VENUE

8.       This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The

matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and the members of the Class are citizens of a state different from Defendants.

9.      This Court has general and specific jurisdiction over Yahoo because Yahoo has sufficient minimum contacts within the State of Illinois and within the Southern District of Illinois, and further because certain material acts upon which the suit is based occurred within the Southern District of Illinois.

10.      Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391(a) and (b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

### GENERAL ALLEGATIONS

11.      Yahoo operates a free electronic mail ("email") service known as "Yahoo Mail."

12.      Yahoo Mail allows customers to register and use @yahoo.com, @ymail.com, and @rocketmail.com email addresses.

13.      Yahoo Mail claims more than 275 million Yahoo Mail users globally, with more than 75 million in the United States.

14.      To obtain a Yahoo Mail account, a potential Yahoo Mail subscriber must create an account via the "Create New Account" link on Yahoo's homepage.  The potential subscriber must provide Yahoo with personal information such as their name, birthday, telephone number, and account information.

15.      Yahoo Mail subscribers are assigned a Yahoo Mail address by which they are able to send and receive email communications to and from other Yahoo Mail subscribers and to and from non-Yahoo Mail subscribers.

**Yahoo's Interception And Use Of Yahoo Mail**
**Subscribers' Emails To Generate Advertising Revenue**

16.     Yahoo does not charge money for its basic email service.  In exchange for the "free" email service, Yahoo users are subject to advertising when using the Yahoo Mail service.

17.     A portion of Yahoo's revenue is derived from advertising, as the advertisers pay Yahoo to advertise on the Yahoo Mail service.

18.     Yahoo charges advertisers based on: (A) the number of times that an ad appears on the screens of Yahoo Mail subscribers; or (B) the number of times that Yahoo Mail subscribers click on an ad appearing on their Yahoo Mail screens.

19.     Yahoo can charge advertisers substantially more to place ads that are "targeted" to certain demographic groups and even to specific individuals.  Because Yahoo can increase revenues by obtaining more detailed background information about users of the service, Yahoo benefits from gathering as much personal information about its Yahoo Mail users, and non-Yahoo users who email with its users, as it can.

20.     Yahoo utilizes an electronic device or devices to intercept and scan the contents of Yahoo Mail subscribers' incoming and outgoing emails immediately after the email communication is sent and before it arrives at its intended recipient.  As Yahoo describes its practices:

> Yahoo's automated systems will scan and analyze all incoming and outgoing email, IM, and other communications content sent and received from your account in order to personalize your experience. This will result in both product enhancements as well as more relevant advertising in addition to a safer, less cluttered Mail experience.

Yahoo Mail FAQ, ¶2, http://info.yahoo.com/privacy/us/yahoo/mail/ymailfaq/details.html.

21.     Yahoo's interception and scanning of email sent to and from its Yahoo Mail subscribers' accounts allows Yahoo for "product enhancements" and to place targeted ads on its

subscribers' Yahoo Mail screens and, thereby, generate revenue for Yahoo.

22.     Yahoo also uses the information it collects from the emails to create user profiles

of the parties to the email that enhance Yahoo's ability to target advertising.

23.     Yahoo also provides information it intercepts and collects from emails to

unidentified third parties for advertising purposes:

> Yahoo may anonymously share specific objects from a message
> with a 3rd party to provide a more relevant experience within your
> mail.

Yahoo Mail FAQ, ¶4, http://info.yahoo.com/privacy/us/yahoo/mail/ymailfaq/details.html.

24.     Upon information and belief, Yahoo can and does provide email services to some

Yahoo Mail subscribers without intercepting, scanning, and analyzing emails for commercial

purposes.  For example, in the United Kingdom, Yahoo cannot use email to target ads to users

without consent from both sender and receiver, and, therefore, Yahoo does not provide targeted

advertising to Yahoo Mail subscribers in the United Kingdom.

**Yahoo Intercepts and Scans Emails Without The Consent Of All Parties**

25.     The webpage on which a new user creates a Yahoo account[1] includes the

sentence: "I agree to the Yahoo Terms and Privacy."  "Yahoo Terms" is hyperlinked to Yahoo's

Terms of Service[2] and Yahoo's Communications Terms.[3]  "Privacy" is hyperlinked to Yahoo's

---

[1] https://edit.yahoo.com/registration?.lang=en-
US&.intl=us&.done=https%3A%2F%2Fpolicies.yahoo.com%2Fus%2Fen%2Fyahoo%2Fprivac
y%2Ftopics%2Fopt-
outfaq%2Findex.htm&.src=0&fsredirect=1&fs=NPocuSaHafC2MeZrYzHKfg6AhKJA4BIo0U
MEQdlCQR0RGghxOBBybRvQrk9Ba.c9ee_lFFH3.

[2] https://policies.yahoo.com/us/en/yahoo/terms/utos/index.htm.

[3] https://policies.yahoo.com/xw/en/yahoo/terms/product-atos/comms/index.htm.

Privacy Center.[4]

26.     The Communications Terms provide:

> Yahoo's automated systems scan and analyze all incoming and
> outgoing communications content sent and received from your
> account (such as Mail and Messenger content including instant
> messages and SMS messages) including those stored in your
> account to, without limitation, provide personally relevant product
> features and content, to match and serve targeted advertising and
> for spam and malware detection and abuse protection. By scanning
> and analyzing such communications content, Yahoo collects and
> stores the data. Unless expressly stated otherwise, you will not be
> allowed to opt out of this feature. If you consent to this [Additional
> Terms of Service] and communicate with non-Yahoo users using
> the Services, you are responsible for notifying those users about
> this feature.

Yahoo Communications Terms ¶ 1.b.

27.     Yahoo's attempt to put the burden of notifying non-Yahoo users on its subscribers

is a tacit admission by Yahoo that it has not obtained the consent of non-Yahoo users prior to

scanning their emails for content.

28.     Yahoo makes no other attempt to obtain the consent of non-subscribers prior to

intercepting and scanning their electronic communications.

29.     As set forth in the Communications Terms, neither Yahoo users nor non-Yahoo

users have the ability to opt-out of Yahoo's scanning and analyzing of incoming and outgoing

communications content sent and received from Yahoo Mail.

**Yahoo Has Actively Concealed Information Related To Its Email Interception Practices**

30.     Upon information and belief, Yahoo conceals information about its practices from

the general public.  For example, in litigation in the Northern District of California, information

about Yahoo's email interception and scanning practices is filed under seal and unavailable to

---

[4] https://policies.yahoo.com/us/en/yahoo/privacy/index.htm.

the general public.  *See, e.g.*, *In re Yahoo Mail Litigation*, Case No. 13-CV-04980-LHK, Doc.

60-3 (Plaintiff's Redacted Motion for Class Certification).

31.     According to Yahoo project team emails from 2010, members were "quite

concerned about how users will react to our going through their email to target ads" and friends

and family members described it as "an invasion of their privacy and too much 'big brother.'"  *In*

*re Yahoo Mail Litigation*, Doc. 105 (Class Certification Order), at p. 6.

32.     In 2012, Yahoo's communications department also recommended that it would be

"good to have a quiet blog post on our advertising or privacy blog about several forms of

targeting (not just commercial mail) so we can say we have something out there if there is an

issue.  No one wants to proactively grab the attention of consumers.  It's just a way of having

something documented."  *Id.*

33.     Subsequent emails in late 2013 confirmed that Yahoo "prefer[ed] to discuss email

ad targeting only when we're talking to advertising-friendly audiences.  It raises a lot of privacy

concerns."  *Id.*

34.     One Yahoo employee explained in another internal email chain, "I would prefer

not to talk about it with consumers in case it stirs up privacy debates."  *Id.*

### Yahoo Intercepted, Scanned, Analyzed, and Disclosed the Contents of Plaintiff's Private Electronic Communications Without Plaintiff's Consent

35.     Plaintiff does not have a Yahoo Mail account.

36.     On several occasions during the proposed Class Period, Plaintiff sent emails to or

received emails from persons with a Yahoo Mail account.

37.     Plaintiff intended and expected her emails to be private and had a reasonable

justification for her expectation.

38.     Plaintiff was unaware of and did not consent to Yahoo's interception and

scanning of her emails to and from Yahoo users.

39.     Other similarly situated non-users of Yahoo Mail did not consent to Yahoo's

interception and scanning of their emails to or from Yahoo users.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) on

behalf of herself and all others similarly situated, as representative of the following class:

> All persons who: (1) are Illinois citizens; (2) are not Yahoo Mail
> subscribers; and (3) (a) have sent emails to or received emails from
> December 30, 2014 to the present, or (b) will send emails to or
> receive emails from a Yahoo Mail subscriber in the future.

41.     Excluded from the Class are Yahoo, its parents, subsidiaries, affiliates,

predecessors, successors, officers, directors, agents, servants, or employees, and the immediate

family members of such persons.  Also excluded are any trial judge who may preside over this

action, court personnel and their family members and any juror assigned to this action.

42.     Plaintiff is a member of the Class which she seeks to represent.

43.     The members of the Class are ascertainable as the class definition describes a set

of common characteristics sufficient to allow a prospective plaintiff to identify himself or herself

as having a right to recover based on the description.

44.     While the exact number of class members is unknown to Plaintiff at the present

time and can only be ascertained through appropriate discovery, Plaintiff believes that there are

at least thousands of members of the Class.  Therefore, the Class is so numerous that joinder is

impracticable.

45.     Plaintiff's claims are typical of those in the Class and are based on the same legal

and factual theories.

46.     There are numerous questions of law and fact common to the Class, and, in fact,

the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are

premised upon an unlawful scheme by Yahoo.  The principal common issues include, but are not

limited to, the following:

a.      the nature and extent of Yahoo's participation in intercepting electronic

communications of Plaintiff and the Class;

b.      whether Yahoo intercepted, recorded, or disclosed private electronic

communications of Plaintiff and similarly-situated non-Yahoo users;

c.      whether the interception, recording, or disclosure of electronic

communications was knowing and intentional;

d.      whether the interception or recording was surreptitious;

e.      whether Yahoo obtained consent from non-Yahoo users or was otherwise

authorized to intercept the emails;

f.      whether Yahoo's conduct in intercepting the electronic communications of

Plaintiff and the Class violates the Illinois Eavesdropping Statute, 720

ILCS 5/14-1 *et seq.*;

g.      whether Yahoo's conduct constitutes an intrusion upon the seclusion of

Plaintiff and the Class;

h.      whether Yahoo should be enjoined from intercepting, recording, and

disclosing electronic communications without the consent of non-Yahoo

users; and

i.      whether punitive damages are appropriate for Yahoo's violation of the

Illinois Eavesdropping Statute, 720 ILCS 5/14-1 *et seq* to punish and deter

Yahoo's conduct, as aforesaid.

47.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is ready, willing, and able to serve as class representative.  Furthermore, Plaintiff's counsel is experienced in handling class actions and actions involving unlawful commercial practices and privacy violations.  Neither Plaintiff nor her counsel has any interest that might cause them not to vigorously pursue this action.

48.    Certification of a plaintiff class under Federal Rule of Civil Procedure 23(b)(2) is appropriate in that the complaint seeks relief that is predominantly injunctive or declaratory and Yahoo acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## COUNT I
### Illinois Eavesdropping Statute, 720 ILCS 5/14-1, *et seq.*

49.    Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

50.    As described herein, Yahoo knowingly and intentionally intercepted private electronic communications of Plaintiff and the Class to which it was not a party, without the consent of Plaintiff and the Class.

51.    Yahoo's interception was in a surreptitious manner as it was executed through secrecy or concealment, without Plaintiff's knowledge.

52.    As described herein, Yahoo possesses an electronic device knowing that or having reason to know that the design of the device renders it primarily useful for the purpose of the surreptitious interception of private electronic communications and the intended or actual use of the device is contrary to the provisions of the Illinois Eavesdropping Statute, 720 ICLS 5/14-1 *et seq*.

53.    As described herein, Yahoo intentionally used or disclosed information it knew or

reasonably should have known was obtained from a private electronic communication in violation of 720 ILCS 5/14-1 *et seq.*

54.    The emails sent to or from the non-Yahoo accounts of Plaintiff and the Class are "private electronic communications" within the meaning of 720 ILCS 5/14-1(e) because: (a) they consist of a transfer of signs, signals, writing, images, sounds, data, or intelligence transmitted in whole or in part by a wire, radio, pager, computer, electromagnetic, photo electronic or photo optical system; (b) the sending and receiving parties intended the electronic communication to be private under circumstances reasonably justifying that expectation.

55.     Yahoo used an "eavesdropping device" within the meaning of 720 ILCS 5/14-1(a) because it used a device capable of intercepting electronic communications that was not for the purpose of restoration of the deaf or hard-of-hearing to normal or partial hearing.

56.    Yahoo intercepted the content of Plaintiff's private electronic communications while the communications were in-transit.

57.    Plaintiff did not know of or consent to the interception of his private electronic communications to and from Yahoo Mail users.

58.    Non-Yahoo subscribers who sent or received a private electronic communication to or from Yahoo Mail  subscribers did not consent to Yahoo's interception of the private electronic communication, and Yahoo did not attempt to obtain the consent of Plaintiff and members of the Class, whose private electronic communications were intercepted.

59.    As a direct and proximate result of such conduct, Yahoo violated 720 ILCS 5/14-2 in that it knowingly and intentionally:

> a.    Intercepted, recorded, or transcribed, in a surreptitious manner, any private electronic communication to which it was not a party without the consent

of all parties to the private electronic communication in violation of 720

ILCS 5/14-2(3);

b.      possessed an electronic, mechanical, eavesdropping, or other device

knowing that or having reason to know that the design of the device

renders it primarily useful for the purpose of the surreptitious interception

of private electronic communications and the intended or actual use of the

device is contrary to the provisions of the Illinois Eavesdropping statute,

in violation of 720 ILCS 5/14-2(4); and

c.      used or disclosed information it knew or reasonably should have known

was obtained from a private electronic communication without the consent

of all of the parties and in violation of the Illinois Eavesdropping statute,

in violation of 720 ILCS 5/14-2(5).

60.     Plaintiff and the members of the Class will continue sending and receiving emails

from Yahoo Mail subscribers, and, therefore, face the real and immediate threat that their emails

will continue to be subject to Yahoo's interception and use.

61.     As a result of the above violations, Plaintiff and the Class have suffered or are

threatened with a concrete and particularized legal harm coupled with a sufficient likelihood that

they will again be wronged in a similar way.

WHEREFORE, Plaintiff, on behalf of himself and all members of the Class, respectfully

prays for judgment against Yahoo as follows:

A.      for an order certifying that this action may be maintained as a class action under

Federal Rule of Civil Procedure 23(b)(2) and/or 23(c)(4), and appointing Plaintiff

and his counsel to represent the Class and directing that reasonable notice of this

action be given to all other members of the Class as necessary and appropriate;

B.      that the Court enter an order pursuant to 720 ILCS 5/14-6(a) permanently

enjoining Yahoo from intercepting, scanning, storing, and disclosing the content

of emails sent to or received from Plaintiff and the Class members, and ordering

Yahoo to permanently delete all data it has collected and stored from Plaintiff and

the Class members;

C.      as incidental to the equitable relief sought, for any punitive damages pursuant to

720 ILCS 5/14-6(c) which may be awarded by the court or by a jury to punish and

deter Yahoo's willful disregard of the rights of Plaintiff and the Class provided by

the Illinois Eavesdropping statute; and

D.      that the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues stated herein, and all issues so

triable.

Respectfully submitted,

**GOLDENBERG HELLER ANTOGNOLI &
ROWLAND, P.C**

By: /s/ Thomas P. Rosenfeld
Thomas P. Rosenfeld # 06301406
Kevin P. Green #06299905
2227 South State Route 157
Edwardsville, IL 62025
618-656-5150
tom@ghalaw.com
kevin@ghalaw.com