IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAYLYNN REHBERGER<br>and CAROL SPARKS, individually and<br>on behalf of all others similarly situated,<br><br>   Plaintiffs,<br>v.<br><br>YAHOO, INC., a Delaware Corporation,<br><br>   Defendant. | )<br>)<br>)<br>)   Case No.  3:15-cv-609-SMY-DGW<br>)<br>)   JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Kaylynn Rehberger and Carol Sparks, individually, and on behalf of all others similarly situated, bring this action for injunctive relief against Defendant Yahoo, Inc. ("Yahoo"), and states as follows:

### NATURE OF THE ACTION

1. This action arises out of Yahoo's surreptitious, intentional and willful interception and scanning of electronic mail communications sent between its Yahoo Mail users and non-Yahoo Mail users, and Yahoo's subsequent disclosure of the intercepted content without the consent of all parties to the communication, in violation of Illinois' Eavesdropping statute, 720 ILCS 5/14-1 *et seq.*

2. Yahoo contends that when a new user creates a Yahoo Mail account, a contract is formed between the new user and Yahoo. Yahoo claims the right, under the terms of its purported contract with Yahoo users, "to scan and analyze all incoming and outgoing communications sent and received from [the user's] account." Yahoo also claims the right to collect, store, and disclose the date it retrieves from the emails.

3. Plaintiff Sparks is an individual attorney who has sent emails to and received

emails from clients who are users of Yahoo's mail service, known as Yahoo Mail.  Plaintiff Sparks is not a Yahoo Mail user and not a party to the purported contract between Yahoo and Yahoo Mail users.  Plaintiff Sparks has not consented to Yahoo's interception and disclosure of the content of her emails, and has sent and received confidential attorney/client emails to and from Yahoo Mail users without knowledge that Yahoo intercepted and disclosed the information contained therein.

4. Plaintiff Rehberger is an individual who has sent emails to and received emails from users of Yahoo's mail service, known as Yahoo Mail.  Plaintiff Rehberger is not a Yahoo Mail user and not a party to the purported contract between Yahoo and Yahoo Mail users.  Plaintiff Rehberger has not consented to Yahoo's interception and disclosure of the content of her emails, and has sent and received email to and from Yahoo Mail users without knowledge that Yahoo intercepted and disclosed the information contained therein.

5. Yahoo has intercepted and disclosed the contents of Plaintiffs' emails in the past and, unless restrained, will continue to do so if they correspond with Yahoo Mail users, without regard to whether or not Plaintiffs have given their consent as required by law.

6. Because Yahoo fails to secure consent from all parties to the email communications prior to intercepting them, Yahoo has violated, and continues to violate, the Illinois Eavesdropping statute, 720 ILCS 5/14-1, *et seq.*, which allows for injunctive relief prohibiting further eavesdropping.

## THE PARTIES

7. Plaintiff Rehberger is a citizen of the state of Illinois residing in Highland, Illinois.  Plaintiff maintains a non-Yahoo email address.  On numerous occasions during the proposed class period, Plaintiff sent emails to users of Yahoo Mail from her non-Yahoo email

address, and, upon information and belief, Yahoo intercepted the emails and scanned them for content. Plaintiff was unaware of and did not consent to the interception.

8. Plaintiff Sparks is a citizen of the state of Illinois residing in St. Jacob, Illinois. Plaintiff maintains a non-Yahoo email address. On numerous occasions during the proposed class period, Plaintiff sent emails containing confidential attorney/client communications to users of Yahoo Mail from her non-Yahoo email address, and, upon information and belief, Yahoo intercepted the emails and scanned them for content. Plaintiff was unaware of and did not consent to the interception.

9. Defendant Yahoo, Inc., is a publicly traded Delaware corporation doing business throughout Illinois and the United States and is a citizen of Delaware and California, having its principal place of business in California.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and the members of the Class are citizens of a state different from Defendants.

11. This Court has general and specific jurisdiction over Yahoo because Yahoo has sufficient minimum contacts within the State of Illinois and within the Southern District of Illinois, and further because certain material acts upon which the suit is based occurred within the Southern District of Illinois.

12. Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391(a) and (b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## GENERAL ALLEGATIONS

13. Yahoo operates a free electronic mail ("email") service known as "Yahoo Mail."

14. Yahoo Mail allows customers to register and use @yahoo.com, @ymail.com, and @rocketmail.com email addresses.

15. Yahoo Mail claims more than 275 million Yahoo Mail users globally, with more than 75 million in the United States.

16. To obtain a Yahoo Mail account, a potential Yahoo Mail subscriber must create an account via the "Create New Account" link on Yahoo's homepage. The potential subscriber must provide Yahoo with personal information such as their name, birthday, telephone number, and account information.

17. Yahoo Mail subscribers are assigned a Yahoo Mail address by which they are able to send and receive email communications to and from other Yahoo Mail subscribers and to and from non-Yahoo Mail subscribers.

### Yahoo's Interception And Use Of Yahoo Mail Subscribers' Emails To Generate Advertising Revenue

18. Yahoo does not charge money for its basic email service. In exchange for the "free" email service, Yahoo users are subject to advertising when using the Yahoo Mail service.

19. A portion of Yahoo's revenue is derived from advertising, as the advertisers pay Yahoo to advertise on the Yahoo Mail service.

20. Yahoo charges advertisers based on: (A) the number of times that an ad appears on the screens of Yahoo Mail subscribers; or (B) the number of times that Yahoo Mail subscribers click on an ad appearing on their Yahoo Mail screens.

21. Yahoo can charge advertisers substantially more to place ads that are "targeted" to certain demographic groups and even to specific individuals. Because Yahoo can increase

revenues by obtaining more detailed background information about users of the service, Yahoo benefits from gathering as much personal information about its Yahoo Mail users, and non-Yahoo users who email with its users, as it can.

22. Yahoo utilizes an electronic device or devices to intercept and scan the contents of Yahoo Mail subscribers' incoming and outgoing emails immediately after the email communication is sent and before it arrives at its intended recipient. As Yahoo describes its practices:

> Yahoo's automated systems will scan and analyze all incoming and outgoing email, IM, and other communications content sent and received from your account in order to personalize your experience. This will result in both product enhancements as well as more relevant advertising in addition to a safer, less cluttered Mail experience.

Yahoo Mail FAQ, ¶2, http://info.yahoo.com/privacy/us/yahoo/mail/ymailfaq/details.html.

23. Yahoo's interception and scanning of email sent to and from its Yahoo Mail subscribers' accounts allows Yahoo for "product enhancements" and to place targeted ads on its subscribers' Yahoo Mail screens and, thereby, generate revenue for Yahoo.

24. Yahoo also uses the information it collects from the emails to create user profiles of the parties to the email that enhance Yahoo's ability to target advertising.

25. Yahoo also provides information it intercepts and collects from emails to unidentified third parties for advertising purposes:

> Yahoo may anonymously share specific objects from a message with a 3rd party to provide a more relevant experience within your mail.

Yahoo Mail FAQ, ¶4, http://info.yahoo.com/privacy/us/yahoo/mail/ymailfaq/details.html.

26. Upon information and belief, Yahoo can and does provide email services to some Yahoo Mail subscribers without intercepting, scanning, and analyzing emails for commercial

purposes. For example, in the United Kingdom, Yahoo cannot use email to target ads to users without consent from both sender and receiver, and, therefore, Yahoo does not provide targeted advertising to Yahoo Mail subscribers in the United Kingdom.

**Yahoo Intercepts and Scans Emails Without The Consent Of All Parties**

27. The webpage on which a new user creates a Yahoo account[1] includes the sentence: "I agree to the Yahoo Terms and Privacy." "Yahoo Terms" is hyperlinked to Yahoo's Terms of Service[2] and Yahoo's Communications Terms.[3] "Privacy" is hyperlinked to Yahoo's Privacy Center.[4]

28. The Communications Terms provide:

> Yahoo's automated systems scan and analyze all incoming and outgoing communications content sent and received from your account (such as Mail and Messenger content including instant messages and SMS messages) including those stored in your account to, without limitation, provide personally relevant product features and content, to match and serve targeted advertising and for spam and malware detection and abuse protection. By scanning and analyzing such communications content, Yahoo collects and stores the data. Unless expressly stated otherwise, you will not be allowed to opt out of this feature. If you consent to this [Additional Terms of Service] and communicate with non-Yahoo users using the Services, you are responsible for notifying those users about this feature.

Yahoo Communications Terms ¶ 1.b.

---

[1] https://edit.yahoo.com/registration?.lang=en-US&.intl=us&.done=https%3A%2F%2Fpolicies.yahoo.com%2Fus%2Fen%2Fyahoo%2Fprivacy%2Ftopics%2Fopt-outfaq%2Findex.htm&.src=0&fsredirect=1&fs=NPocuSaHafC2MeZrYzHKfg6AhKJA4BIo0UMEQdlCQR0RGghxOBBybRvQrk9Ba.c9ee_lFFH3.

[2] https://policies.yahoo.com/us/en/yahoo/terms/utos/index.htm.

[3] https://policies.yahoo.com/xw/en/yahoo/terms/product-atos/comms/index.htm.

[4] https://policies.yahoo.com/us/en/yahoo/privacy/index.htm.

29. Yahoo's attempt to put the burden of notifying non-Yahoo users on its subscribers is a tacit admission by Yahoo that it has not obtained the consent of non-Yahoo users prior to scanning their emails for content.

30. Yahoo makes no other attempt to obtain the consent of non-subscribers prior to intercepting and scanning their electronic communications. For example, after a non-Yahoo user sends an email to a Yahoo user, Yahoo does not notify the non-Yahoo user of Yahoo's policy, nor request consent to scan and analyze future messages sent to the Yahoo user.

31. As set forth in the Communications Terms, neither Yahoo users nor non-Yahoo users have the ability to opt-out of Yahoo's scanning and analyzing of incoming and outgoing communications content sent and received from Yahoo Mail.

**Yahoo Has Actively Concealed Information Related To Its Email Interception Practices**

32. Upon information and belief, Yahoo conceals information about its practices from the general public. For example, in litigation in the Northern District of California, information about Yahoo's email interception and scanning practices is filed under seal and unavailable to the general public. *See, e.g.*, *In re Yahoo Mail Litigation*, Case No. 13-CV-04980-LHK, Doc. 60-3 (Plaintiff's Redacted Motion for Class Certification).

33. According to Yahoo project team emails from 2010, members were "quite concerned about how users will react to our going through their email to target ads" and friends and family members described it as "an invasion of their privacy and too much 'big brother.'" *In re Yahoo Mail Litigation*, Doc. 105 (Class Certification Order), at p. 6.

34. In 2012, Yahoo's communications department also recommended that it would be "good to have a quiet blog post on our advertising or privacy blog about several forms of targeting (not just commercial mail) so we can say we have something out there if there is an

issue. No one wants to proactively grab the attention of consumers. It's just a way of having something documented." *Id.*

35. Subsequent emails in late 2013 confirmed that Yahoo "prefer[ed] to discuss email ad targeting only when we're talking to advertising-friendly audiences. It raises a lot of privacy concerns." *Id.*

36. One Yahoo employee explained in another internal email chain, "I would prefer not to talk about it with consumers in case it stirs up privacy debates." *Id.*

37. Yahoo makes no other attempt to disclose its practices to non-Yahoo users who send emails to Yahoo users prior to intercepting and scanning their electronic communications. For example, after a non-Yahoo user sends an email to a Yahoo user, Yahoo does not notify the non-Yahoo user of Yahoo's policy, nor send notification that subsequent emails sent to the Yahoo user will be intercepted, scanned, and analyzed for the purpose of sending advertisements to the Yahoo user.

### Yahoo Intercepted, Scanned, Analyzed, and Disclosed the Contents of Plaintiff's Private Electronic Communications Without Plaintiffs' Knowledge Or Consent

38. Plaintiffs do not have a Yahoo Mail account.

39. On several occasions during the proposed Class Period, Plaintiffs sent emails to or received emails from persons with a Yahoo Mail account.

40. Plaintiffs intended and expected their emails sent during the Class Period to be private and had a reasonable justification for their expectation. For example:

   a. On several occasions between January and June 2015, Plaintiff Sparks sent emails from her office email address (@sparkslawofficepc.com) to her client at an @yahoo.com email address. These emails contained attorney-client communications regarding, *inter alia*, tax and estate planning, business

    negotiation strategy, negotiation of a purchase agreement, purchase of real estate, and a 1031 tax exchange. These emails contained confidential and privileged communications pursuant to Illinois law. Given that attorney/client communications are confidential and privileged under the law, Plaintiff Sparks intended and had a reasonable expectation that such electronic communications would be private under the circumstances. Plaintiff Sparks further intended and had a reasonable expectation that such electronic communications would be private under the circumstances because they contained her client's private information including, *inter alia*, financial information, tax information, and the client's social security number.

  b. On several occasions between January 2014 and June 2015, Plaintiff Rehberger sent and received emails from her school email (@go.olemiss.edu) to/from Yahoo users which contained private, personal information such as her telephone number, class notes, and information regarding an outstanding balance, invoices of past payments, transaction receipts and confirmation numbers, and her college courses.

41. Moreover, Plaintiff Sparks' email communications to her clients contained a disclosure, the relevant portion of which provided:

> ATTONEY CLIENT COMMUNICATION: This electronic communication is to be used exclusively by the individual or entity to which it is addressed. This communication may contain information that is privileged, confidential and otherwise exempt from disclosure under applicable law. Unless you are the intended recipient, any use, dissemination, distribution or copying of this communication is strictly prohibited and may subject you to criminal or civil penalty. If you have received this communication in error, please notify us immediately by telephone . . . or e-mail reply, and permanently delete message from your system, and

destroy any hard copy you may have printed.

42. Because Yahoo did not notify Plaintiffs of its policy prior to intercepting, scanning, and analyzing Plaintiffs' private communications, Plaintiffs were unaware of and did not consent to Yahoo's interception and scanning of their emails to and from Yahoo users.

43. Other similarly situated non-users of Yahoo Mail did not consent to Yahoo's interception and scanning of their emails to or from Yahoo users.

## CLASS ACTION ALLEGATIONS

44. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) on behalf of themselves and all others similarly situated, as representative of the following classes:

> The Eavesdropping Class:
> All persons who: (1) are Illinois citizens; (2) are not Yahoo Mail subscribers; and (3) from December 30, 2014 to the present (a) have sent emails to or received emails from a Yahoo Mail subscriber, or (b) will send emails to or receive emails from a Yahoo Mail subscriber in the future.
>
> The Intrusion Upon Seclusion Class:
> All persons who: (1) are Illinois citizens; (2) are not Yahoo Mail subscribers; and (3) within five years preceding the filing of this Complaint (a) have sent emails to or received emails from a Yahoo Mail subscriber, or (b) will send emails to or receive emails from a Yahoo Mail subscriber in the future.[5]

45. Excluded from the Class are Yahoo, its parents, subsidiaries, affiliates, predecessors, successors, officers, directors, agents, servants, or employees, and the immediate family members of such persons. Also excluded are any trial judge who may preside over this action, court personnel and their family members and any juror assigned to this action.

46. Plaintiff Sparks is a member of the Eavesdropping Class which she seeks to represent.

---

[5] Unless otherwise noted, the Eavesdropping and Intrusion Upon Seclusion Classes are collectively referred to as the "Class."

47. Plaintiffs Rehberger and Sparks are members of the Intrusion Upon Seclusion Class which they seek to represent.

48. The members of the Class are ascertainable as the class definition describes a set of common characteristics sufficient to allow a prospective plaintiff to identify himself or herself as having a right to recover based on the description.

49. While the exact number of class members is unknown to Plaintiffs at the present time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are at least thousands of members of the Class. Therefore, the Class is so numerous that joinder is impracticable.

50. Plaintiffs' claims are typical of those in the Class and are based on the same legal and factual theories.

51. There are numerous questions of law and fact common to the Class, and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme by Yahoo. The principal common issues include, but are not limited to, the following:

    a. the nature and extent of Yahoo's participation in intercepting electronic communications of Plaintiffs and the Class;

    b. whether Yahoo intercepted, recorded, or disclosed private electronic communications of Plaintiffs and similarly-situated non-Yahoo users;

    c. whether the interception, recording, or disclosure of electronic communications was knowing and intentional;

    d. whether the interception or recording was surreptitious;

    e. whether Yahoo obtained consent from non-Yahoo users or was otherwise

        authorized to intercept the emails;

    f.    whether Yahoo's conduct in intercepting the electronic communications of Plaintiff and the Class violates the Illinois Eavesdropping Statute, 720 ILCS 5/14-1 *et seq.*;

    g.    whether Yahoo's conduct constitutes an intrusion upon the seclusion of Plaintiffs and the Class;

    h.    whether Yahoo should be enjoined from intercepting, recording, and disclosing electronic communications without the consent of non-Yahoo users; and

    i.    whether punitive damages are appropriate for Yahoo's violation of the Illinois Eavesdropping Statute, 720 ILCS 5/14-1 *et seq.*, and/or Yahoo's invasion of privacy to punish and deter Yahoo's conduct, as aforesaid.

52.    Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are ready, willing, and able to serve as class representatives. Furthermore, Plaintiffs' counsel is experienced in handling class actions and actions involving unlawful commercial practices and privacy violations. Neither Plaintiffs nor their counsel has any interest that might cause them not to vigorously pursue this action.

53.    Certification of a plaintiff class under Federal Rule of Civil Procedure 23(b)(2) is appropriate in that the complaint seeks relief that is predominantly injunctive or declaratory and Yahoo acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

### COUNT I
### Illinois Eavesdropping Statute, 720 ILCS 5/14-1, *et seq.*

54.    Plaintiff Sparks hereby incorporates and adopts by reference each and every

allegation set forth above.

55. As described herein, Yahoo knowingly and intentionally intercepted private electronic communications of Plaintiff and the Class to which it was not a party, without the consent of Plaintiff and the Class.

56. Yahoo's interception was in a surreptitious manner as it was executed through stealth, secrecy, and/or concealment, without Plaintiff's knowledge.  Plaintiff was unaware of the interception.  At no time prior to or after intercepting and scanning Plaintiff's electronic communications did Yahoo attempt to or actually notify Plaintiff that it was doing so.

57. As described herein, Yahoo possesses an electronic device knowing that or having reason to know that the design of the device renders it primarily useful for the purpose of the surreptitious interception of private electronic communications and the intended or actual use of the device is contrary to the provisions of the Illinois Eavesdropping Statute, 720 ICLS 5/14-1 *et seq*.

58. As described herein, Yahoo intentionally used or disclosed information it knew or reasonably should have known was obtained from a private electronic communication in violation of 720 ILCS 5/14-1 *et seq.*

59. Yahoo intentionally took information from Plaintiff's confidential attorney/client communications that contained an express warning that the "electronic communication is to be used exclusively by the individual or entity to which it is addresses", that the "communication may contain information that is privileged, confidential and otherwise exempt from disclosure under applicable law"; that "any use dissemination, distribution or copying of this communication is strictly prohibited and may subject you to criminal or civil penalty"; and that a party who receives the email should "notify us immediately . . . and permanently delete message

from your system, and destroy any hard copy."

60. The emails sent to or from the non-Yahoo accounts of Plaintiff and the Class are "private electronic communications" within the meaning of 720 ILCS 5/14-1(e) because: (a) they consist of a transfer of signs, signals, writing, images, sounds, data, or intelligence transmitted in whole or in part by a wire, radio, pager, computer, electromagnetic, photo electronic or photo optical system; and (b) the sending and receiving parties intended the electronic communication to be private under circumstances reasonably justifying that expectation. Plaintiff Sparks intended and reasonably expected her electronic communications with her clients to be private based on the confidentiality and privilege given to attorney/client communications by Illinois law. She also intended and reasonably expected these electronic communications to be private because they contained her client's personal information including tax information, financial information, and social security number.

61. Yahoo used an "eavesdropping device" within the meaning of 720 ILCS 5/14-1(a) because it used a device capable of intercepting electronic communications that was not for the purpose of restoration of the deaf or hard-of-hearing to normal or partial hearing.

62. Yahoo intercepted the content of Plaintiff's private electronic communications while the communications were in-transit.

63. Plaintiff did not know of or consent to the interception of her private electronic communications to and from Yahoo Mail users.

64. Non-Yahoo subscribers who sent or received a private electronic communication to or from Yahoo Mail subscribers did not consent to Yahoo's interception of the private electronic communication, and Yahoo did not make Plaintiff aware of its interception policies or attempt to obtain the consent of Plaintiff and members of the Class, whose private electronic

communications were intercepted.

65.    As a direct and proximate result of such conduct, Yahoo violated 720 ILCS 5/14-2 in that it knowingly and intentionally:

    a.    Intercepted, recorded, or transcribed, in a surreptitious manner, any private electronic communication to which it was not a party without the consent of all parties to the private electronic communication in violation of 720 ILCS 5/14-2(3);

    b.    possessed an electronic, mechanical, eavesdropping, or other device knowing that or having reason to know that the design of the device renders it primarily useful for the purpose of the surreptitious interception of private electronic communications and the intended or actual use of the device is contrary to the provisions of the Illinois Eavesdropping statute, in violation of 720 ILCS 5/14-2(4); and

    c.    used or disclosed information it knew or reasonably should have known was obtained from a private electronic communication without the consent of all of the parties and in violation of the Illinois Eavesdropping statute, in violation of 720 ILCS 5/14-2(5).

66.    Plaintiff and the members of the Class will continue sending and receiving emails from Yahoo Mail subscribers, and, therefore, face the real and immediate threat that their emails will continue to be subject to Yahoo's interception and use.

67.    As a result of the above violations, Plaintiff and the Class have suffered or are threatened with a concrete and particularized legal harm coupled with a sufficient likelihood that they will again be wronged in a similar way.

68. Pursuant to the Illinois Eavesdropping statute, Plaintiff and the Class are entitled to injunctive relief: "Any or all parties to any conversation or electronic communication upon which eavesdropping is practiced contrary to this Article shall be entitled . . . [t]o an injunction by the circuit court prohibiting further eavesdropping by the eavesdropper and by or on behalf of his principal, or either." 720 ILCS 5/14-6(a).

## COUNT II
### Intrusion Upon Seclusion

69. Plaintiffs Rehberger and Sparks hereby incorporate and adopt by reference each and every allegation set forth above.

70. Given the private, confidential, and privileged information set forth in the electronic communications between Plaintiffs and Yahoo Mail subscribers, as described above, Plaintiffs had a reasonable expectation of privacy in the contents of the electronic communications sent to or received from Yahoo Mail subscribers.

71. In intercepting the electronic communications of Plaintiffs, Yahoo intentionally intruded upon the Plaintiffs' solitude or seclusion in that it took information from their private, personal and business communications without an attempt to obtain permission from Plaintiffs.

72. With respect to Plaintiff Sparks, Yahoo intentionally took information from confidential attorney/client communications that contained an express warning that the "electronic communication is to be used exclusively by the individual or entity to which it is addresses", that the "communication may contain information that is privileged, confidential and otherwise exempt from disclosure under applicable law"; that "any use dissemination, distribution or copying of this communication is strictly prohibited and may subject you to criminal or civil penalty"; and that a party who receives the email should "notify us immediately . . . and permanently delete message from your system, and destroy any hard copy."

73. With respect to Plaintiff Rehberger, Yahoo intentionally took private information from her electronic communications, including her telephone number, class notes, and information regarding overdue balances, past payments, transaction receipts and confirmations, and her college courses.

74. Plaintiffs did not consent to Yahoo's intrusion.

75. Yahoo did not attempt to notify Plaintiffs that it was intercepting their private electronic communications for the purpose of generating higher revenues for Yahoo by creating user profiles and allowing advertisers to send more valuable targeted advertisements to Yahoo subscribers.

76. Yahoo's intentional intrusion on the solitude or seclusion of Plaintiffs would be highly offensive to a reasonable person.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Class, respectfully pray for judgment against Yahoo as follows:

A. for an order certifying that this action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) and/or 23(c)(4), and appointing Plaintiffs and their counsel to represent the Class and directing that reasonable notice of this action be given to all other members of the Class as necessary and appropriate;

B. that the Court enter an order permanently enjoining Yahoo from intercepting, scanning, storing, and disclosing without consent the content of emails sent to or received from Plaintiffs and the Class members, and ordering Yahoo to permanently delete all data it has collected and stored from Plaintiffs and the

    Class members;

C. as incidental to the equitable relief sought, for any punitive damages pursuant to 720 ILCS 5/14-6(c) and/or Illinois law which may be awarded by the court or by a jury to punish and deter Yahoo's willful disregard of the rights of Plaintiffs and the Class provided by Illinois law; and

D. that the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues stated herein, and all issues so triable.

    Respectfully submitted,

    **GOLDENBERG HELLER ANTOGNOLI & ROWLAND, P.C**

    By: /s/ Thomas P. Rosenfeld
    Thomas P. Rosenfeld #06301406
    Ann E. Callis #06203933
    Kevin P. Green #06299905
    2227 South State Route 157
    Edwardsville, IL 62025
    618-656-5150
    tom@ghalaw.com
    acallis@ghalaw.com
    kevin@ghalaw.com

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing document was electronically filed with the United States District Court, Southern District of Illinois, via the Court's CM/ECF filing system, which will send notification of such filing to counsel of record, on September 8, 2015.

                /s/ Thomas P. Rosenfeld